## WILLIAMS *v.* GARTRELL *et al.*

An assignment, under the Code, is not valid unless made for the benefit of all the creditors. The assent of creditors to a conditional assignment will not be presumed.

The Code will not justify a construction by which one class of creditors will be preferred over another ; nor will it justify a partial and conditional assignment.

Where an execution sale was postponed at the request of the defendant, in consequence of which the property levied upon, materially depreciated in value ; held, that the loss resulting from such postponement should not be sustained by the plaintiff.

A levy upon personal property to a sufficient amount to satisfy the debt, is not of itself satisfaction ; not so at least, as between the parties to the execution, although it may be so regarded as to third parties.

*Appeal from Dubuque District Court.*

*Opinion by* GREENE, J. This suit was instituted to set aside an assignment made by H. C. Gartrell, to Ben. M. Samuels, and for judgment against Samuels as garnishee.

It appears that Gartrell confessed judgment in favor of Williams for the sum of $2,600 00 at the January term of the Dubuque district court. In February an execution was issued by which $2026 of the judgment was satisfied, and in May following, an alias execution was issued to make the balance due on the judgment. This alias was levied upon the rights of Gartrell in the hands of Samuels, who was summoned to answer as garnishee.

Samuels answered that the goods and credits in his hands belonging to Gartrell, had been assigned to him on the 9th of Febuary, 1852, in trust, for the payment of his debts, with cetain conditions and qualifications.

On the trial, it appeared that goods sufficient to satisfy the judgment were levied upon by the first execution, but the sale was postponed by order of the plaintiff, at the special request of Gartrell, and it is contended that in consequence of such delay, the goods first levied upon, deprecia-

Williams *v.* Gartrell.

ted in value, and therefore did not sell for enough to satisfy the execution.

Upon these facts, the district court decided that the assignment from Gartrell to Samuels is fraudulent in law, and void as to those creditors who had not accepted ; but to those who had accepted, it is good.   The court also decided that the first execution and levy having been made upon sufficient property to satisfy the judgment, and a loss having resulted from the postponement, that loss must be sustained by the plaintiff ; and the fact that the execution defendant requested the postponement, does not vary the question. To these decisions both parties except.

1. The appellees claim that the court erred in pronouncing the deed of assignment as to creditors who had not accepted, void.   It contains the following clause.   " It is hereby understood, and this assignment is on this condition, that in consideration of my assigning, &c., my said creditors do give unto me a written release of all indebtedness to them, and do accept the benefit of this assignment in full satisfaction," &c.

The Code, § 978, provides, that in the case of an unconditional assignment, the assent of creditors shall be presumed. But the assignment in this case is not unconditional, and therefore such assent cannot be presumed.   No assignment under the Code, § 977, can be valid, unless made for the benefit of, the creditors of the assigning debtor.   If, then, the conditions of the assignment had not been complied with by the creditors—if all had not given a written release of indebtedness, it could not be applied for the benefit of all, and hence it would be partial, if declared valid as to some, and void as to other creditors.   The Code will not justify a construction by which one class of creditors would be preferred over another, nor will it justify a partial and conditional assignment.   It is true in many of the states an imbarrassed debtor may assign his property for the benefit of preferred creditors.   But fortunately for justice and impartiality to creditors, this question is in Iowa *res integra,*

Williams *v.* Gartrell.

and as the Code contemplates an absolute and unconditional surrender of the property assigned for the benefit of all the creditors, we think no assignment should be considered valid when it contains any reservation or condition for the benefit of the assignor ; such as requiring an absolute discharge, upon condition of part payment or a partial distribution.

We conclude then, that the court below erred in not declaring the deed of assignment absolutely void as to the creditors.

2. We think the court erred again in deciding that the loss of value in the property levied upon, in consequence of the postponement of the sheriff's sale, must be sustained by the plaintiff, although the postponement was at the request of the defendant. In the first place, it is not true that a mere levy even if made upon sufficient property, will, as a general rule amount to satisfaction. It is only considered satisfaction in certain cases, as where the rights of junior execution creditors intervene, or where the delay of sale was occasioned by the plaintiff himself, without the agency or consent of the defendant. But here the delay was occasioned by the defendant himself and at his especial request ; and now he alone and no junior execution creditors complain of the loss occasioned by the delay.

It may well be held that as respects third persons, a levy on personal property is satisfaction, but not so as between plaintiff and defendant. *Duncan* v. *Harris,* 17 Seig., and R ; *Greene* v. *Burk,* 23 Wend., 490.

Upon this point, the authorities, and particularly those of New York, are quite conflicting. But the inconsiderate position assumed in 4 Cowen, 417, that a levy on personal property to a sufficient amount to satisfy the debt, operates *per se* as an estinguishment, is virtually overruled in more recent and better considered opinions. It is now conceded in that state, that a levy is not *per se*, a satisfaction and cannot be if the levy fail to produce satisfaction in fact

without any fault of the plaintiff. Goods are seized to secure payment, not as payment. They are levied to obtain satisfaction, *sub modo*, and not as satisfaction absolute.

Judgment reversed.

*L. Clark* and *F. E. Bissell*, for appellant.

*B. M. Samuels*, for appellee.